HAZEN (DONALDSON v.). See Case No. 3,-984.

## Case No. 6,285.

### In re HAZENS.

[4 Dill. 549.][1]

Circuit Court, D. Iowa. 1877.

BANKRUPT ACT — ATTACHMENT CREDITOR CANNOT FORCE DEBTOR INTO BANKRUPTCY.

A creditor fully secured by attachment cannot, while holding on to his attachment, sustain, on the same debt, a petition to force his debtor into bankruptcy.

Petition for review in bankruptcy. On July 25, 1877, Edgell, Chamberlain, & Co. filed a creditor's petition in bankruptcy against James Hazens, alleging that they were creditors of his in the sum of $10,608.25, that he had committed acts of bankruptcy, and praying that he be adjudged a bankrupt. On August 2, 1877, the debtor filed a plea that "he should not be declared a bankrupt, because the said petitioners are secured upon their said claim, for that on July 2, 1877, they brought an action by attachment in the state district court of Lee county, Iowa, against him, and on the same day attached a large amount of personal property, which the sheriff still holds under said attachment proceedings, which have not been dismissed, wherefore the petitioning creditors have no provable debt." To this plea the petitioning creditors demurred, on the ground that the plea did not show that they were secured creditors, or that their debt was not provable, or that they were not entitled to proceed in involuntary bankruptcy against their debtor. The district court sustained the demurrer pro forma, and the debtor brings the present petition to reverse that decision.

Joseph G. Anderson, for debtor Hazens.
Craig & Collier, for petitioning creditors.

DILLON, Circuit Judge. Upon the averments of the plea, it must be taken that the property attached fully secured the debt; and the question is whether an attaching creditor, thus secured, while his attachment remains in full force and effect, can sustain a petition, founded on the same debt, to have his debtor adjudged a bankrupt. Under section 20 of the original bankrupt act [of 1867 (14 Stat. 526)]—Rev. St. § 5075—the lien created by an attachment is preserved, and unless otherwise defeated, will remain until the proceedings in bankruptcy progress to an assignment, which, when made, has the effect ipso facto to dissolve the attachment, if the petition in bankruptcy was filed, as in this case, within four months of such attachment. Rev. St. § 5044 (section 14, original act); Bracken v. Johnston [Case No. 1,761].

After a careful examination of the various provisions of the bankrupt law as to the status and rights of secured creditors, under the act proper, and under the composition feature of the act, it is my opinion that a creditor who is fully secured is entitled to no agency or voice in the question whether the debtor shall be adjudged a bankrupt. That is a matter which concerns, and alone concerns, the unsecured creditors. If, however, a creditor is not fully secured, it is, I think, quite probable that, as to the excess of his debt over the value of the security, he is to be regarded as unsecured, and the court of bankruptcy, if this view is correct, has the power, if a contest arises, to determine, for the time being, as nearly as may be, the relative value of the debt and the security. Creditors who have effected a lien by attachment on mesne process are, while the attachment exists, to be considered as secured, since if proceedings in bankruptcy are not commenced within four months, or if, when commenced within that time, they do not proceed to an adjudication and assignment, the attachment lien continues in full force.

In the case under consideration, the lien created by the attachment was in existence when the petition in bankruptcy was filed, and the property attached was in the hands of the sheriff. Non constat that the bankruptcy proceeding will ever reach an assignment. It may be defeated for the want of a required quorum, by the failure to establish an act of bankruptcy, or, as has been held (In re Shields [Case No. 12,784]; In re Scott [Id. 12,519]; In re Clapp [Id. 2,785]), the attachment may continue by reason of the proceedings in bankruptcy resulting in a resolution of composition.

Under the circumstances set forth in the plea, it is my judgment that the creditors must be regarded as secured, and that they were not entitled, while holding on to the lien effected by their attachment, to force their debtor into bankruptcy. As strengthening this conclusion, the consideration may be adverted to that proceedings for the same debt by attachment and seizure of the debtor's property, and by a concurrent petition in bankruptcy, if not essentially hostile and repugnant, is oppressive to the debtor. Is it too much to require the creditor to elect which course he prefers to adopt, or wishes to pursue? If a warrant of seizure in bankruptcy should be issued, the property attached and held by the sheriff could not be taken from his custody, but would have to remain in his hands until the attachment was dissolved.

It is proper to add that, to secure uniformity of ruling in the circuit, I submitted the question here involved, with the arguments of the counsel, to Mr. Justice Miller, who concurred in the conclusion reached, and in the general views herein expressed. See Paret v. Ticknor [Case No. 10,711]. The judgment of the district court is reversed. Reversed.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]